This decision of the Supreme Court of New Mexico was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Supreme Court.

### IN THE SUPREME COURT OF THE STATE OF NEW MEXICO

**Filing Date: March 21, 2022**

**No. S-1-SC-38750**

**STATE OF NEW MEXICO,**

Plaintiff-Appellant,

v.

**FRANCIS FAIR,**

Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Brett R. Loveless, District Judge**

Hector H. Balderas, Attorney General
Lauren Joseph Wolongevicz, Assistant Attorney General
Santa Fe, NM

for Appellant

Bennett J. Bauer, Chief Public Defender
Allison H. Jaramillo, Assistant Appellate Defender
Santa Fe, NM

for Appellee

### DISPOSITIONAL ORDER OF AFFIRMANCE

**PER CURIAM.**

**{1}** WHEREAS, this matter came before the Court on the State's direct interlocutory appeal filed pursuant to NMSA 1978, Section 39-3-3(B)(2) (1972), requesting that this Court reverse the district court's order granting Defendant's motion to suppress statements made to police;

**{2}** WHEREAS, every member of the Court has considered the briefs and is fully informed on the issues and applicable law;

**{3}** WHEREAS, we review a motion to suppress as a mixed question of fact and law. *State v. Widmer*, 2020-NMSC-007, ¶ 11, 461 P.3d 881. This Court reviews the factual findings of the district court for substantial evidence, *State v. Jason L.*, 2000-NMSC-018, ¶ 10, 129 N.M. 119, 2 P.3d 856, viewing all facts in the light most favorable to the prevailing party, indulging all reasonable inferences in support of the ruling of the district court, and disregarding contrary inferences and evidence. *Id.* The application of the law to the facts is reviewed de novo. *State v. Vandenberg*, 2003-NMSC-030, ¶ 17, 134 N.M. 566, 81 P.3d 19.

**{4}** WHEREAS, the question presented to the district court was whether Defendant was in custody such that a proper warning under *Miranda v. Arizona*, 384 U.S. 436 (1966) was necessary before interrogating him.

**{5}** WHEREAS, substantial evidence supported the district court's findings that police handcuffed Defendant, told him he was being detained, that they were going to take his clothes, take pictures of him, and take him to the main police station to be processed, and then interrogated him in a police van for forty-seven minutes, beginning at approximately three a.m. after taking his clothes.

**{6}** WHEREAS, based on the facts found by the district court, we conclude Defendant was in custody at the time he was interrogated by police as a reasonable person would believe that he or she was not free to leave the scene and Defendant's freedom of movement was "restrained to a degree associated with a formal arrest," *State v. Munoz*, 1998-NMSC-048, ¶ 40, 126 N.M. 535, 972 P.2d 847, requiring that Defendant receive a proper *Miranda* warning prior to any interrogation. *Miranda*, 384 U.S. at 479 (providing that police may not interrogate a person who has been taken into custody without a prior warning advising of a person's rights).

**{7}** WHEREAS, the district court properly concluded that Defendant's statements to police must be suppressed, as they were made while Defendant was in custody without having received a proper *Miranda* warning.

**{8}** NOW, THEREFORE, IT IS ORDERED that the decision of the district court, suppressing Defendant's statements to police is affirmed and this matter is remanded to district court for further proceedings consistent with this order.

**{9}** **IT IS SO ORDERED.**

**MICHAEL E. VIGIL, Chief Justice**

**C. SHANNON BACON, Justice**

**DAVID K. THOMSON, Justice**

**JULIE J. VARGAS, Justice**

**BRIANA H. ZAMORA, Justice**